■ In the Matter of GRAHAM LEWIS, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. [954 NYS2d 263]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, among other things, denied petitioner's application for a license to participate in pari-mutuel harness racing.

Petitioner, a native of Great Britain, filed applications with respondent for a license to participate as a trainer and driver in pari-mutuel harness horse racing in 2005 and 2006. Both applications were denied, with the 2006 application being denied due to petitioner's failure to submit supporting documentation requested by respondent in order to establish petitioner's entitlement to work in this country. Petitioner appealed the denial of the 2006 application. During the subsequent hearing, petitioner became increasingly enraged, culminating in him shattering a glass tabletop with his hand, confronting and threatening the Hearing Officer and verbally abusing an employee of respondent. Respondent upheld the denial of the 2006 application, relying solely on petitioner's failure to provide the requested documentation.

In 2009, petitioner again applied for a harness racing license. Respondent denied the application, finding that petitioner lacked the character and general fitness such that his participation in harness racing would be inconsistent with the public interest and contrary to the best interests of racing. Petitioner appealed and, following a hearing at which evidence of petitioner's conduct at the previous hearing was presented, the Hearing Officer recommended that the denial of the application be upheld. Respondent adopted that recommendation, denying petitioner's application and prohibiting him from enjoying "the privileges of the grounds of all pari-mutuel harness tracks in

the State of New York, whether as a patron or otherwise." Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his 2009 application.

Pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 309 (2), respondent may approve an application for a license provided "the experience, character and general fitness of the applicant are such that the participation of such person in harness horse meets will be consistent with the public interest, convenience and necessity and with the best interests of racing generally." Here, it is uncontroverted that, while participating in a hearing before respondent, petitioner smashed a glass tabletop, confronted and threatened a Hearing Officer and informed respondent's investigator that he wished she would die a slow, horrible death. Under these circumstances, we conclude that respondent's denial of petitioner's license application is supported by substantial evidence and will not be disturbed (see Matter of Scott v New York State Racing & Wagering Bd., 44 AD3d 338, 338-339 [2007], lv denied 9 NY3d 817 [2007]; Matter of Webster v Van Lindt, 117 AD2d 555, 556-557 [1986]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.